WILHELMINA KOETTEGEN, APPELLANT, v. THE MAYOR AND ALDERMEN OF THE CITY OF PATERSON ET AL., RESPONDENTS.

Submitted March 26, 1917—Decided June 18, 1917.

On appeal from the Supreme Court, in which the following *per curiam* was filed:

"This writ brings up for review an ordinance passed by the Paterson board of aldermen to license and regulate the public dance halls of that city.

"Our examination leads to the following conclusions:

"1. The authority to pass the ordinance in question is conferred upon the board of aldermen by the provisions of the city charter. If the authority thus conferred is in one or more respects curtailed or superseded by the act of 1913, still the ordinance as a whole cannot be set aside in this proceeding in which no conviction has been had.

"2. The fee fixed by the ordinance is not excessive or unreasonable, in view of the incidental expenses connected with its enforcement, including cost of constant inspection. The fee thus fixed is therefore incident to regulation and not for revenue.

"3. The penalty imposed by the ordinance is authorized by the charter; in the absence of a conviction, and the imposition of any penalty, it is not perceived that the prosecutor is in a position to quarrel with a provision which, if her contention be correct, would not be enforceable in case she violated the ordinance. If separable the whole ordinance will not be set aside. *Shill Rolling Chair Co.* v. *Atlantic City,* 87 *N. J. L.* 399.

"4. The ordinance is not an illegal delegation of the charter powers to the mayor. The charter does not require the board of aldermen to license places of amusement; it authorizes them to pass ordinances regulating such places. That they have done, and a part of the regulation thus ordained

is a license to be obtained in the manner prescribed by the ordinance. The board has not delegated its authority, it has exercised it; the prosecutor has not been refused a license or been convicted for not having one; hence, she has not shown that any injury has come to her from this incident of regulation.

"5. The ordinance is not unreasonable because of its incidental effect upon the business in which the prosecutor is lawfully engaged, hence the fact that the sale of liquors and the receipts of rent for the dance hall fell off after the ordinance went into effect does not render it confiscatory in any legal sense.

"The defendant in *certiorari* contends *in limine* that, inasmuch as there has been no conviction, the ordinance cannot be set aside *in toto* if any of its provisions are at once lawful and separable from those that are challenged, citing *Rosencrans* v. *Eatontown,* 80 *N. J. L.* 227; *Newmann* v. *Hoboken,* 82 *Id.* 275; *Siciliano* v. *Neptune Township,* 83 *Id.* 158.

"There are in the ordinance such provisions, *e. g.,* the sale of intoxicating liquors, the inspection of dance halls and the revocation of licenses.

"Our conclusion, therefore, is, that in the respects in which it is challenged, the ordinance is valid, and that if it were otherwise, it would not be set aside *in toto* in this proceeding.

"This applies also to the cases in which the prosecutors are: Duffy, the Charles Kruchen Company and the Riverside Turn Verein Harmonie.

"The writs are dismissed, with costs."

For the appellant, *Ward & McGinnis.*

For the respondents, *Edward F. Merrey.*

PER CURIAM.

The judgment under review will be affirmed, for the reasons set forth in the opinion of the Supreme Court.

*For affirmance*—THE CHANCELLOR, SWAYZE, PARKER, BERGEN, MINTURN, KALISCH, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ.   11.

*For reversal*—None.

Submitted March 26, 1917—Decided June 18, 1917.

For the appellant, *Ward & McGinnis.*

For the respondents, *Edward F. Merrey.*